JENNY L. FOLEY, Ph.D., ESQ.
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
HKM EMPLOYMENT ATTORNEYS LLP
101 Convention Center Dr., Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE HELLEBRAND, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> MGM RESORTS INTERNATIONAL OPERATIONS, INC. d/b/a MGM GRAND, a Nevada Corporation; DOES I - X; ROE CORPORATIONS I - X. <br><br> Defendants. | CASE NO.: **2:23-cv-310** <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff STEPHANIE HELLEBRAND ("Ms. Hellebrand" or "Plaintiff") by and through her attorneys, Jenny L. Foley, Ph.D., Esq., of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

## JURISDICTION

1.      This is an action for damages brought by Plaintiff for discrimination and retaliation under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et. seq.*; for violation of Nevada Revised Statute § 613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. § 2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court

has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4. On or about March 5, 2020, Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant named in this action, with the Nevada Equal Rights Commission ("NERC") and the U.S. Equal Employment Opportunity Commission ("EEOC") wherein she alleged discrimination based on disability and retaliation.

5. On or about September 4, 2020, Plaintiff signed her Charge of Discrimination, i.e., NERC No. 0908-20-0313L and EEOC No. 34B-2020-00787.

6. On or about November 30, 2022, Plaintiff received her Notice of Right to Sue from NERC.

7. On or about January 5, 2023, Plaintiff received her Notice of Right to Sue from the EEOC.

8. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

9. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

11. Plaintiff is a United States citizen and is a current resident of Clark County, Nevada, and has been at all times relevant herein.

12. Defendant MGM RESORTS INTERNATIONAL OPERATIONS, INC. d/b/a MGM GRAND ("Defendant") is a Nevada Corporation that is authorized to and does conduct, business in the state of Nevada.

13. On or about July 6, 2000, Plaintiff began working for Defendant in the

Reservations Department/Front Desk.

14.     In or about August 2014, Ms. Hellebrand was moved to Corporate as a Luxury Reservations Agent.

15.     In or around November 2014, Plaintiff was diagnosed with the following conditions that affects her life activities: Major Depressive Disorder; Anxiety; and heart palpitations.

16.     These disabilities substantially limit one or more of Plaintiff's life activities.

17.     Plaintiff was qualified for the position, able to perform the essential functions of the job with reasonable accommodation, and in fact, performed her duties well.

18.     Starting in November 2014, Plaintiff requested a reasonable accommodation and intermittent leave for her depression and anxiety.

19.     Defendant consistently approved Plaintiff's intermittent leave requests.

20.     Plaintiff did not have any issues with her employment until she began working under the supervision of her new manager, Thalia Richardson ("Ms. Richardson"), in October 2018.

21.     Soon after Plaintiff started working under Ms. Richardson, Ms. Richardson made it clear to Plaintiff that she had little tolerance for employees taking time off for medical reasons.

22.     Ms. Richardson would become irritated and make harassing comments to Plaintiff when she requested and took medical leave.

23.     As an example, in or around December 2018, Ms. Richardson told Plaintiff she would have made an excellent trainer but she was "never there" due to her intermittent leave.

24.     Also, in or about April 2019, new shift bids were posted.

25.     Plaintiff was only offered the 12pm-8pm shift with weekends off as opposed to the usual choices that included two schedules in the morning with the weekends off.

26.     Upon information and belief, Ms. Richardson intentionally limited Plaintiff's shift choices because of her disability and necessity to take intermittent medical leave.

27.     On or around April 9, 2019, Plaintiff's grandfather passed away and Ms.

Richardson denied her request for bereavement leave although, upon information and belief, Defendant had a bereavement leave policy in place.

28. On or about April 17, 2019, Plaintiff's medical condition worsened due to increased anxiety and stress, and she requested to be placed on medical leave due to health concerns.

29. Plaintiff provided all of the required documents along with her request for leave, with the requested leave being from April 4, 2019, thru July 1, 2019.

30. Defendant approved Plaintiff's leave request.

31. As her condition had not improved, on or about May 6, 2019, Plaintiff requested and Defendant extended additional Plaintiff's leave through October 30, 2019.

32. On or about October 2, 2019, Plaintiff treated with a new physician, who released her to return to work along with prescribing Plaintiff new medication.

33. Unfortunately, Plaintiff exhibited a poor response to the new medication and was unable to fully function.

34. Plaintiff immediately scheduled an appointment for a second opinion with another physician for October 22, 2019.

35. On or about this same day, October 2, 2019, Plaintiff informed Ms. Richardson of the situation and that she would be unable to return to work until after the October 22, 2019, doctor's appointment.

36. Ms. Richardson replied to Plaintiff's asking for her anticipated return date. Plaintiff responded that she had a scheduled appointment for October 22, 2019, but that she would try to get in to see her doctor sooner, if possible.

37. Or about October 3, 2019, Plaintiff contacted the 800 number for Defendant's Human Resources and spoke to a representative about her situation, again advising that Plaintiff would be unable to return to work until at least after her October 22, 2019, doctor's appointment.

38. Ms. Richardson and/or Defendant led Plaintiff to believe that this additional leave request had been acknowledged and approved, especially in light of Defendant's prior

approval of leave through October 30, 2019.

39. Ms. Richardson used that time to terminate Plaintiff's employment before Plaintiff could meet with her doctor on October 22, 2019.

40. On October 21, 2019, the day before her scheduled doctor's appointment, Plaintiff received notice that Defendant terminated her employment.

41. On October 23, 2019, Plaintiff received a text message from Ms. Richardson notifying her that they were moving offices and asked Plaintiff to pick up her personal items.

42. Plaintiff was never allowed to return to work.

43. Plaintiff was qualified for the Luxury Reservations Agent position and an exemplary employee, who had no issues while working for Defendant until October 2018 when she began working under Ms. Richardson and requested medical leave.

44. Even though Plaintiff was fully qualified and capable of completing all essential functions and duties of a Luxury Reservations Agent with reasonable accommodation for her medical conditions, Defendant elected to terminate her employment.

45. Plaintiff never engaged in any misconduct, and, in fact, she was paid for her accrued PTO and vacation days, which, upon information and belief, Defendant does not do when termination of employment is for misconduct.

46. Upon information and belief, Defendant acted toward Plaintiff with an intent to discriminate against her based on her disability.

47. Defendant terminated Plaintiff's employment in retaliation for taking prior leave as well as for her requests for reasonable accommodations.

## FIRST CAUSE OF ACTION

### (Discrimination Based on Disability in violation of State and Federal Statutes)

48. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

49. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability or a combination thereof.

50. At all relevant times, Plaintiff had a qualifying disability: Major Depressive

Disorder; Anxiety; and heart palpitations.

51.     Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 *et. seq.*, Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, and thus, has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

52.     Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly taking adverse employment actions against Plaintiff because of her disability.

53.     Plaintiff's supervisor, Ms. Richardson, improperly harassed Plaintiff concerning her disability and need for reasonable accommodation, *e.g.*, intermittent leave.

54.     Examples of Ms. Richardson's improper harassment include, but are not limited to: her intentionally limiting Plaintiff's available shift options, requiring Plaintiff to work a later shift; telling Plaintiff that she would have made an excellent trainer but Plaintiff was "never there" due to her intermittent leave; making comments that insinuated Plaintiff was dishonest and a liar; and denying Plaintiff's bereavement request when her grandfather passed in April 2019.

55.     Defendant improperly terminated Plaintiff's employment on October 21, 2019, even though it had previously approved her leave through October 30, 2019, and after acknowledging that Plaintiff was unable to return to work until after she saw her physician on October 22, 2019.

56.     No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

57.     Plaintiff suffered adverse economic impact due to Defendant's discriminatory behavior and termination.

58.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

59.     Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, and stress, in addition to exacerbating her heart

palpitations, anxiety and depression, resulting from this unlawful discrimination by her employer.

60.     Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

61.     Pursuant to the Americans with Disabilities Act, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

62.     Plaintiff suffered damages in an amount deemed sufficient by the jury.

63.     Plaintiff is entitled to an award of reasonable attorney's fees.

64.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her disability.

65.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

<u>SECOND CAUSE OF ACTION</u>

**(Retaliation under Federal Law, 42 U.S.C. §12101 *et. seq.* and State Law, NRS 613.340)**

66.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

67.     In violation of 42 U.S.C. §12101 *et. seq.*, Defendant retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

68.     In violation of NRS 613.340 Defendant retaliated against Plaintiff after she complained of acts, which she reasonably believed were discriminatory.

69.     After Ms. Richardson became Plaintiff's supervisor in October 2018 and began harassing Plaintiff, Plaintiff reported her concerns and discrimination to Adam Clough, the director of Plaintiff's department, and Ms. Richardson's supervisor.

70.     Mr. Clough, however, failed to take any action that addressed the on-going discrimination and harassment.

71.     After Plaintiff complained to Defendant regarding the discriminatory treatment

she had suffered, Defendant retaliated against Plaintiff by terminating her employment.

72.    There may be additional detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

73.    The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

74.    Plaintiff suffered damages in an amount deemed sufficient by the jury.

75.    Plaintiff is entitled to an award of reasonable attorney's fees.

76.    Defendant is guilty of oppression, fraud, or malice, express or implied, because Defendant knowingly and intentionally retaliated against Plaintiff because she complained to her department director, Mr. Clough, about the on-going discrimination and harassment.

77.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION

### (Infliction of Emotional Distress)

78.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

79.    Defendant's conduct toward Plaintiff was extreme, outrageous, and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

80.    Defendant's conduct was extreme, outrageous, and undertaken with either intent or reckless disregard for causing Plaintiff emotional distress.

81.    Defendant had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

82.    Defendant breached that duty.

83.    Defendant's intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

84.     Defendant must pay damages in an amount to be determined at trial but for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

85.     Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

86.     Plaintiff has had to obtain the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations and therefore, she is entitled to recover reasonable attorney's fees and costs against Defendant.

<u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff prays this court for:

    a.   A jury trial on all appropriate claims;

Moreover, to enter judgment in favor of the Plaintiff by:

    b.   Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make her whole in accordance with the ADA and for certain claims brought pursuant to the Nevada Revised Statutes;

    c.   General damages;

    d.   Special damages;

    e.   An award of compensatory and punitive damages to be determined at trial;

///
///
///
///
///
///
///

  f. Liquidated damages;

  g. Pre and post-judgment interest;

  h. An award of attorney's fees and costs; and

  i. Any other relief the court deems just and proper.

Dated this 28th Day of February, 2023.

           **HKM EMPLOYMENT ATTORNEYS, LLP**


             _____Jenny L Foley_____
           **JENNY L. FOLEY, Ph.D., Esq.**
           Nevada Bar No. 9017
           101 Convention Center Dr., Suite 600
           Las Vegas, Nevada 89109
           Tel: (702) 805-8340
           Fax: (702) 805-8340
           E-mail: jfoley@hkm.com
           _Attorneys for Plaintiff_